UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VEERASIKKU BOMMIASAMY, M.D, and <br> V. BOMMIASAMY, M.D., S.C., an <br> Illinois Corporation, | ) <br> ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | No. 12 C 7314 |
| RAKESH PARIKH. M.D., | ) <br> ) | Judge Rebecca R. Pallmeyer |
| Defendant. | ) | |

## MEMORANDUM ORDER

The dispute before this court has its origin in an effort to recover on a promissory note. In October 2013, the court denied Defendant's motion to dismiss the case on *res judicata* grounds, see *Bommiasamy v. Parikh*, No. 12 C 7314, 2013 WL 5526716 (N.D. Ill. Oct. 7, 2013). Then on May 14, 2014, the court learned that diversity jurisdiction was lacking and dismissed this action for lack of subject matter jurisdiction [52]. Plaintiff now argues that defense counsel knew or should have known that his client was not diverse in citizenship from Plaintiff at the time the complaint was filed, and that counsel's failure to notify the court promptly is sanctionable. Plaintiff seeks an award of attorney's fees pursuant to 28 U.S.C. § 1927. For the reasons explained here, the motion [50] is denied.

## DISCUSSION

The underlying facts are explained in greater detail in the court's October 7, 2013 opinion [26] and will be summarized here only briefly. The parties to this action are two physicians. Plaintiff Veerasikku Bommiasamy filed his complaint in federal court on September 12, 2012, seeking to enforce a promissory note that Defendant Rakesh Parikh had executed in connection with an agreement in which Parikh purchased shares of HealthCare Labs, Inc. from Bommiasamy and two other individuals. Dr. Bommiasamy invoked this court's diversity jurisdiction: Bommiasamy and his medical practice corporation are located in Illinois, and he

alleged that Dr. Parikh resided and practiced in Indiana. (Complaint [1] ¶ 3.)

Defendant Parikh did not challenge the jurisdictional allegation. Instead, Parikh moved to dismiss the case as barred by *res judicata*. Parikh contended that the dispute had been adjudicated in previous state court litigation. Bommiasamy had in fact filed two complaints against Parikh and a third complaint against the other individuals involved in the stock purchase transaction, all of them in state court. Those complaints were consolidated, and the claims against Parikh were ultimately dismissed without prejudice on a motion filed by Bommiasamy's attorney (but over Bommiasamy's own objection). Bommiasamy unsuccessfully appealed from the dismissal. In this court, Parikh argued that a summary judgment entered on the third state court complaint bars this action. As explained in an October 7, 2013 ruling [26], this court disagreed. After sorting through a tangled set of allegations and transactions, the court concluded that Bommiasamy's complaint against Parikh in this court "is a separate and distinct cause of action from Bommiasamy's state court claim against [a third party], and that these causes of action involve at least two separate transactions." [26, at 10.] The court ordered Parikh to answer the complaint, and he did so on October 21, 2013 [31], admitting the jurisdictional allegation.

Just three weeks later, however, Defendant moved to dismiss [34], asserting for the first time that he was in fact a citizen of Illinois, not of Indiana as alleged in the complaint. Plaintiff objected to the motion, and discovery ensued. Ultimately, however, Plaintiff was forced to concede he could not establish diversity. As the court understands the facts, Defendant Parikh moved with his family from Illinois to Indiana in August 2007 and practiced medicine there until October 2010. (Parikh Affidavit [34-2] ¶4.) From October 2010 through June 2012, Dr. Parikh practiced medicine in Texas, but frequently traveled home to Indiana where his family remained while his son completed high school. (*Id.* ¶¶ 7-9.) Then in June 2012, Dr. Parikh sold his home in Indiana and moved with his family back to Illinois. (*Id.* ¶¶ 10-11.) Though he continued practicing medicine in Texas until late 2012, Parikh has made his home in Illinois from June

2012 to the present, and he was domiciled in Illinois when Plaintiff filed this lawsuit in September of that year. (*Id.* ¶¶ 11-14.)

Defense counsel's failure to ascertain these details earlier is disappointing for obvious reasons. This court devoted substantial attention to a confusing record to resolve the *res judicata* dispute—a matter of state law. This court's ruling on that issue may be useful to any state court judge before whom these parties appear, but it has no other legal significance. As Plaintiff correctly points out, a litigant's first duty in litigation is "to determine the existence of subject-matter jurisdiction." *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004).

The court nevertheless concludes that sanctions are not warranted. An award of sanctions under 28 U.S.C. § 1927 is "proper if the attorney 'has acted in an objectively unreasonable manner by engaging in a serious and studied disregard for the orderly process of justice[,] or where a claim is without a plausible legal or factual basis and lacking in justification.'" *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 708 (7th Cir. 2014) (quoting *Walter v. Fiorenzo*, 840 F.2d 427, 433 (7th Cir.1988)) (alterations removed). The court sees no "serious and studied disregard" in this record. Dr. Parikh's attorneys represented him for years in the state court litigation; it is undisputed that he was domiciled in Indiana at that time. In this era of electronic communication, it is not surprising that counsel's attention was not drawn to Dr. Parikh's return to Illinois. Plaintiff's counsel suspects his opponents of knowing all along that Dr. Parikh had moved back to Illinois in June 2012, but there is no evidence that establishes this, nor any obvious incentive for counsel to conceal an argument for dismissal of the complaint.

As noted, both parties, and the court, devoted time and attention to the *res judicata* issue. While the court's time could have been better spent on cases properly before it, it appears that the parties themselves would have engaged in motion practice on this issue regardless where the complaint was filed. In short, defense counsel's failure to blow the whistle on this litigation earlier may well not be genuinely costly to Plaintiff. Plaintiff suggests this federal lawsuit may be construed to bar further state court litigation; should that happen, the

3

court assumes that Plaintiff will argue that (a) this litigation is a nullity; and (b) Defendant's failure to assert his jurisdictional defense in a timely manner estops his argument for such a bar.

The motion for sanctions [50] is denied.

ENTER:

Date: May 1, 2015

_____
REBECCA R. PALLMEYER
United States District Judge